Good morning. I'm Michael Morris. I represent the plaintiff. And with the Court's permission, I would like to ask to reserve three minutes for a rebuttal argument. Thank you. Because of the time limitations and the complexity of the law in this case, I'm really going to focus on the breach of contract claims. That's the third and fourth claims for relief in our complaint, which, of course, the trial judge has ruled that they were preempted by ERISA. And this is what we are asking the Court now to reverse. Simply, the facts are fairly simple, that the defendants, Henderson and Jackson, were not employees of Hillsboro Garbage, but they were submitted as employees, and the Hillsboro Garbage submitted this. I think it's pretty clear that there's a breach of contract. The question is, what's the remedy? And the breach of contract is based upon a breach of condition of the plan. But the question is whether you get remedies under State law or whether you're restricted to the remedies available under ERISA. Well, there are no remedies under ERISA. That's the problem. That's the problem. We started with the premise that you couldn't bring this breach of contract claim under ERISA. Correct, Your Honor. So doesn't that – why doesn't that end the analysis? That's just the beginning of the analysis, not the end of the analysis. And this is what I will go through here. If I can say it slightly differently, but I think to the same effect, you can show a breach of contract, say there's a breach of the plan, and you can show that under ERISA. The problem is you're under ERISA, if you are, and you've got no remedy. Well, that's right. The ERISA doesn't provide the remedy. Unless you can show equitable lien, which I think is going to be tough. I'm sorry. But the Supreme Court has recognized that it might be possible to bring breach of contract claims, and this Court has definitely recognized this. And so this is what I would like to say, is that this Court has summarized the holding of the Supreme Court in the Traveler's case and has set forth the methodology for determining whether breach of contract claim is preempted. So what the Court does, according to the Arizona Carpenter's case, is the one I'm referring to. First, the Court examines whether the claim falls within the three areas of concern set forth in the Traveler's case, which recognize the Supreme Court has looked at its prior decisions and found that they fell into three basic categories. Those are, does the claim mandate employee benefit structures or their administration? Secondly, does it bind employers or plan administrators to particular choices or preclude uniform administrative practice? And thirdly, does it provide alternate enforcement mechanisms for employees to obtain ERISA plan benefits? None of these three things are present in this case, for the simple reason is that it's not a case of an employee suing the trust. It's the trust suing for benefits. So these things just don't apply at all. And what the Court said in Arizona State Carpenters is if these things are not present, then the Court asks a couple more questions. Does the claim arise from State law of general application? Here, of course, this is a claim based on the common law of breach of contract. It's a law of general application. It's not even based on any statute. Secondly, does the claim depend on ERISA? In the Arizona Carpenters case, that was a suit by the trustees against a bank that allegedly breached custodial agreements, which were stipulated to be plan documents within ERISA. And the Court held that the breach of contract claim, although based on provisions in the plan documents, did not depend on ERISA. It depended on the common law of contracts. This is the ultimate question. There may be an easy answer to it, but we start with the question rather than the answer, is whether these folks were eligible to participate in the ERISA plan. Well, they are not eligible because they're not employees. That's the answer. That's the answer. That's the answer, not the question. And so in order to determine whether they are eligible to participate in the ERISA plan, doesn't a Federal judge have to look at that plan and determine the scope of the folks that are eligible under it? No, Your Honor. The eligibility to participate in the plan is negotiated through the collective bargaining agreement. No, but it's – and the agreement is that – the agreement is that we have a plan that can include, by virtue of the collective bargaining agreement, non-union people, correct? Only if there is a non-bargaining unit agreement. Right. A separate non-bargaining unit agreement. So that they still must be employees. Employees. That's right. Employees of Hillsborough Garage are eligible to participate in the plan. I'm sorry? Employees of the – of the – I forget what the – the garbage company are eligible to participate in the plan, correct? All of the bargaining unit employees are, and in addition, non-bargaining unit employees, pursuant to the agreement. Right, right, right. But they have to be employees of the – But they must be employees.  We're saying the same thing.  And so – But if, whether or not your breach of contract claim is valid, a Federal district judge must determine whether or not the individual defendants in this case, including the – the decedent, were eligible to participate in the plan, correct? They met – that's – that's the sine qua non of your contract claim is that they   And so you can't say, well, this is a – this is a – this is a claim on – But, Judge, by – by your arguing, you argue, well, we concede they weren't eligible, and you think that that concession takes you out of ERISA. But I think what Judge Hurwitz is asking, and a legitimate question, is why does that take you out of ERISA? The judge still has to look at the plan to – to come to that conclusion. The fact that you admit it doesn't take it out of ERISA. Nothing in the plan will answer that question. Only the collective bargaining agreement can answer the question. Well, no, the plan itself says you have to be an employee of Hillsborough Garbage. The plan says that the health benefits are only available to people who are employees of Hillsborough Garbage. And the facts of this case are these people were not employees. This was a summary judgment with affidavits and depositions. But that's the question I'm asking. Just because you win on your claim doesn't mean it's not an ERISA claim. Exactly. You know what? All three of us are arguing that Providence Health Plan v. McDowell is wrong. Oh. And you're saying it's right. It's right, yes. And that seems to be the law of the circuit. I think your answer is McDowell, McDowell, McDowell. Well, certainly McDowell, but also, but also Arizona Carpenters. I think McDowell is distinguishable, but that's another issue. Well, I don't think we can distinguish it. McDowell's square on. McDowell's square on. There was a reimbursement provision in the plan, and it was enforced as a breach of, as a State breach of contract claim. So, yes, McDowell, McDowell, McDowell. And the Court understands that argument. But I would point out that in McDowell, McDowell was an employee. He was a participant in the plan. In our case, these people are not plan participants. They received benefits wrongfully. They had no entitlement to these benefits. So we're even one step beyond McDowell here. McDowell's different? I don't think you want to say that. I'm sorry? So McDowell is different? I don't think you want to say that. Well, McDowell's different in a good way. It's even one, we are even one step farther removed against preemption here, because these are people that were not even entitled to any benefits. But to... Let's explore McDowell, since it's so important. The facts are certainly different in McDowell. We're talking about, we're talking about retrieving, we're talking about, in effect, a lien on the, on recovery, right? I don't think it was a lien. It was a, there was a provision, a contractual provision that said, if you get recovery from a third party, you shall return it. And that was in the plan, and that was what was enforced as a state breach of contract. Not a lien. It wasn't a, they didn't enforce a lien. It was just a straight legal claimant law breach of contract state law, just as we have here. Not the equivalent of the charging lien that we often see under state law. No, I don't believe that. It's a subrogation clause, is basically what you're saying. Well, it's not really like a subrogation, because the trust doesn't sue the third party. But it's like similar, close enough. It's similar to... Well, it's, we don't have to sue, because you're going to give us the money. Because you're going to give us the money, right, right. So it's, but it's a, it was a contractual right that was enforced, right. A contractual right under the ERISA plan. It was a contractual right contained in the plan. Okay. But it was enforced separately. Right, it was enforced separately. And I'm trying to figure out what contractual right under the ERISA plan, in this case, you have to seek reimbursement when payments are incorrectly made. In this case? Yeah. The provision itself, you mean? Yeah. What provision says if we pay out benefits that we shouldn't have paid out, we get to, we get to get them back from the, from the covered individuals? Okay. Well, the... You were enforcing, because now you were enforcing... The provision is quoted on page 7 of my brief. Okay. And it says that the plan may pursue recovery from any individual or entity responsible for providing misinformation to the plan, which has resulted in the payment of improper benefits. The plan may also recover benefits from the person responsible for misrepresenting any person for eligibility purposes. Furthermore, the employers sign subscription agreements in which they subscribe to the plan, and the subscription agreements also say that if unauthorized individuals are reported, the trustees may recover any improperly paid benefits from either the individual upon whose benefit or to whom the benefits were paid or from the employer. So your breach of contract claim is against who? Against the employer. Only? The breach of contract is against the employer. So the first provision that you read me doesn't, doesn't apply. It's only the second provision, right? My... The first provision says you may recover benefits from those to whom you paid them. Oh, the first part of that says that, yes. Yes. But the breach of contract in there is against the employer, the third and fourth claim. And tell me again what part of the agreement you rely on for the breach of contract against the employer. What I just read. Yes. Tell me whether that is in the record. Oh, it's in the record at, of course, it's page 7 of my brief, but it's in... I will find it. It's in the plan itself. It's actually a provision of the plan documents. And the subscription agreements are also exhibits in the record, and they're cited in page 7 and page 5 of our opening brief. So, again, I, I do want to point out that the, the district court had an additional grounds for the decision. The district court said that, well, perhaps this other company, Ron Johns, itself had a collective bargaining agreement. Well, there's nothing in the record that would indicate any such thing. And if it had a collective bargaining agreement that would have entitled these people to benefits, the people would have submitted their application through that employer, and there wouldn't have been an issue here. So it's, it was just a, a speculative comment by the court to say, well, maybe there is one. So... Why don't we hear from the other side? I mean, you've got about two and a half minutes. I'm sorry. May I just ask one question? Are you conceding, are you just not arguing your injunctive relief claims, or you're conceding that the district court properly denied them? No. I, I just, because of the time limitations, I'd like to stand on the brief, the arguments we've made for the equitable claims that are also present in this case. Okay. Thank you. Thank you. May it please the Court, Iris Tilly for defendants. So I wanted to get started. It sounds like our focus today may be on McDowell. And so I wanted to start out by discussing a little bit how we see that really this case is different from McDowell, and really differentiated from McDowell. You know, if you were to say we're controlled by McDowell, we might have to go on bond to overrule McDowell. Just a suggestion. Okay. I am open to that approach as well. From our perspective, though, there is really a distinction with McDowell. And the issue within McDowell is that we had a reimbursement provision. And reimbursement provisions are an area of the law that this Court has determined is separate and distinct and exempt from the ERISA preemption. And the reason for that is that it's not a question about benefits paid. It's about this third-party relationship where we're looking at do we need to make a payment to this third party to reimburse for benefits paid. In this case, this is really about benefits paid to individuals. And there just isn't any authority in which benefits paid to individuals are not an area in which ERISA preemption applies. ERISA preemption just always applies to those relationships because benefits payments are such a fundamental aspect of ERISA as are eligibility terms. So your position essentially is that the trust has no remedy? Yes. That is correct. Isn't that disturbing? I mean, not to your clients, but isn't that — isn't there something wrong with us interpreting ERISA so as to say that an entity that discovers that it's been paying out benefits inappropriately can't try to remedy that situation? I think that there are two responses to that. The first being that this — that the trust knew about this issue long before it brought this case. Right. But that's not a jurisdictional issue. That's a defense under merits. I mean, you might — the trust — my guess is the trust ought to lose if it tries this case since it had knowledge for about 10 years beforehand of this problem. But that's — that's not where we are. Well, but that's a fact. Yeah. I mean, that was — the record shows that OTET knew it was making — it wasn't entitled to these payments. Isn't that correct? I mean, did you argue waiver at all as an affirmative defense? We did. Yes. We offered — we argued waiver as an affirmative offense. I only — I raised that. But that's not a jurisdictional bar. ERISA is a jurisdictional bar. No, I agree. I raised that just as an equity. Yeah. And I agree that it's not — it's not disturbing from our perspective because this wasn't new knowledge. This was something that OTET had neglected for years and years and years. And kind of the secondary piece to that, why it's not disturbing, is that ERISA is a very carefully crafted statute. And it's very clear within the terms of ERISA what relief is available and what relief is not available. Well, if you — you know, arguing to the judges that ERISA is carefully drafted is not a winning argument, I've got to tell you. I have to admit I'm an ERISA attorney, so it's near and dear to me. But the preemption provision and the preemption cases are very broad. I mean, you're correct about — your brief was correct about that. Absolutely. So are there preemption cases that deal with whether or not the beneficiary was an appropriate member of the plan? There — there really — there isn't anything — I haven't seen any. That's why I'm asking. No. There really isn't anything exactly on point. I do think, though, it's important to — to take a step back and realize that the district court found preemption on two different legally significant grounds, either of which stands on its own. And one of those grounds was simply the relationship between this claim and the ERISA plan. And there's the Ninth Circuit case of Bowie. I may be pronouncing that incorrectly. And in that case, the statement's made very explicitly that where a breach of contract claim is specifically about a breach of the plan terms, it's preempted by ERISA. And so even if we don't get into all these more complex connection-with issues, just — So how do you distinguish McDowell, then? What was that? How do you distinguish McDowell, then, where the claim was that it was a breach of the claim plans? Because there's an exception in McDowell for specifically when you have a reimbursement provision. So you think McDowell is limited to the reimbursement contract? I do think that McDowell is. You don't read McDowell as providing that there is an exception. There's a sentence in McDowell that says this is not a reimbursement claim. But it doesn't say anything other than this is not a reimbursement claim. I read it as talking specifically about — there are some specific citations within McDowell where the exception for reimbursement provisions are recognized. And so McDowell cites to cement masons and then also FMC medical plans. And in both of those, we also had reimbursement provisions. And that's kind of where I had gotten that exception from McDowell. Does that answer your question, Higgin? Yeah. It may not convince him, but it answers his question. I would like to think that McDowell controls here. I think that in McDowell, we also, in addition to having a reimbursement provision specifically, which is what is issue at this case, but a reimbursement provision involving a third party, we also had a third-party agreement. So it was really outside this question of benefits paid. And I know that there is a discussion in McDowell that talks about benefits paid and that this isn't a question of benefits paid, whereas in this case, it's explicitly a question of benefits paid and not about reimbursement from a third party. I see the distinction. Thank you. And so just moving back to this idea of there being two legally significant bases upon which we can find the preemption argument, as I mentioned, we don't actually have to reach this second point, just the fact that on the base of the claim, the claim is that Hillsborough Garbage breached the terms of an ERISA plan. And so simply on that basis, we have preemption right there. And so we're getting into the secondary basis, which is this more complex argument, but we have that preemption just right on the face of the complaint pursuant to Bowie, which is the Ninth Circuit case from 2002. Would the Court like to get into the issues with actually the remedies and looking at those provisions? I know that those weren't argued by the appellees. I'm okay on that. I'm like Judge Fletcher on that. I think they have a very hard road on the equitable remedies. I agree. I would agree with that. But I do want you to return to, if you would for a minute, to the case that's going to mostly trouble us, which is McDowell. Any other distinction other than reimbursement? I think that the key is it's benefits versus reimbursement. Okay. And so in McDowell, it's all about. I got your position on that. Thank you. Thank you very much, Your Honor. Thank you. You've saved some time. Thank you. First, I'd like to address the comment that the trust is left without a remedy. And this is a serious matter, because under the LMRA, Section 302, benefits cannot legally be paid to people who are not entitled to them. That would violate another provision of the Federal law. I know that was in your brief. Can I ask you a question? Do you ever contemplate filing the breach of contract case in State court and make it just a very general common law breach of contract claim and hope the State court judge didn't know anything about it? And hope it wouldn't be removed to Federal court? No, I don't think so. I think that our office, which does this work, traditionally files these in Federal court, but it would have been removed and we would be right sitting where we are today anyway. I'd like to address the comment that the trust knew. It's true that an audit was done and this was brought to the attention of Hillsborough Garbage, but Hillsborough Garbage knew. I'm going to interrupt you again. You say it would have been removed. A district judge who got a remand petition could have ruled that McDowell, you know, governed and that ERISA didn't apply and, therefore, would remand the case. Well, I mean, strategy-wise, I'm just curious if that ever occurred to you, because if you... I don't have an answer. But maybe it's irrelevant. This was the forum we chose. It's irrelevant at this point. Okay. Sorry. Go ahead. Also, I would point out to the Court that there was an Oregon court of appeals case which went the other direction, so a State court judge might have felt bound by the Oregon court of appeals. But I did want to make a point that there is no waiver and estoppel against the trusts of a Taft-Hartley trust. There's many cases, including cases from this jurisdiction, which says you cannot estop the trustees, you cannot have waiver. That would, in effect, create benefits that are forbidden by the LMRA. One quick question. I think there's a yes or no answer to it. Is there any case you can cite in which the trust was the plaintiff in which ERISA preemption wasn't found? In which preemption was not found? Yes. Similar to this, where somebody... This is one where the trust is the plaintiff, suing and saying... Well, I cited two cases from other circuits, the Geller case and the Biondi case, which are similar facts. Again, people like one case, the man forgot, didn't forget, but he didn't report the fact he's divorced, let his wife get benefits. I think another one involved a girlfriend who was not even an employee. Very similar facts, and those were not preempted. They were allowed to proceed under State law. And, of course, the Arizona Carpenters case is a case... It wasn't a case against an employee. It was another contract, but it did... It was the trust bringing the case. So there are cases that are where preemption is not found, even though they arise under State law breach of contract cases. And, of course, McDowell. I mean, that's McDowell. Counsel mentioned the Bowie case and said, well, that's just a perfect example of a case, contract claim being preempted. But I would point out that in that case, the employee was claiming that he did not receive benefits that he was entitled to under the plan. So that would be one of those cases where they were trying to mandate benefits from the plan. It was completely different. It just falls right under the ERISA preemption. It's not at all binding on this case. And then the last point is the attempt to distinguish McDowell. That's a distinction without a difference. There's no difference between a reimbursement plan in that case and a reimbursement provision in this case. They both call for the employer or, in that case, the employee to refund the money that they were not entitled to. Okay. Thank you. Thank you very much. I thank both sides for the arguments. You obviously know your ERISA law, both of you. And maybe one of these days we'll learn some, too. Oregon Teamsters Employers Trust v. Hillsborough Garbage Disposal submitted for decision. The last case on the argument calendar this morning, Goulart, if that's how I pronounce it, v. Colvin.
judges: Baylson, Fletcher, Hurwitz